May it please the Court, I'm Appellant Paimon Roshan. I will be referring to various cases by shorthand. If the Court is unsure of any reference, please interrupt. Sure. The outcome of this case is determined by this Court's recent published opinion in Seattle Pacific, in which the Court creates two changes in law. First, the Court holds for younger abstention to apply in State administrative proceedings. They must be judicial in nature. And second, the Court states that the leading younger abstention case, San Jose-Silicon Valley v. San Jose Elections Commission, has been abrogated by the U.S. Supreme Court in Sprint v. Jacobs. These two changes in law are directly related. Sprint-held younger abstention can only be applied to the three exceptional categories set out in a case called NOPC. One of those categories is always judicial. The other two may be administrative proceedings. NOPC independently requires the State administrative proceedings to be judicial in nature. San Jose and the cases it relied upon are inconsistent with Sprint and NOPC. Rather than recognizing that the State administrative proceedings must be judicial in nature, those cases incorrectly hold that judicial in nature is a mere characteristic in evaluating the middle sex factors, like whether the proceeding implicates an important State interest. Mr. Rochon, wouldn't that rule basically cabin younger abstention to middle sex itself and only kind of attorney disciplinary proceedings that are occurring within a State self-declared judicial branch? What does that do with all of the other cases we have where we're abstaining from administrative action in nonjudicial branches, though they have judicial functions? When you say that rule, are you referring to the three exceptional categories that are set out in NOPC? Yes. Your definition of judicial is requiring that it be within a judicial branch. That's your argument, right? That's correct. Well, how do we handle all of the administrative proceedings that happen outside of the judicial branch but still we've determined are quasi-judicial, judicial in nature, under this analysis? Well, under California's law, which is one of the tests that the courts have used to determine whether the proceedings are judicial in nature, the administrative proceedings of the standard kind are not deemed judicial in nature by the State law. The other proceedings that you may be referring to were in other states where the State law did deem those administrative proceedings to be judicial in nature. What case do we have where we have declared that the test for judicial in nature is what the State separation of powers deems it as rather than what we deem it as by function? The Ohio Civil Rights Commission in the first sentence of a footnote first states that lower courts have been virtually uniform in holding that the Younger Principle applies to pending State administrative agencies that involve an important State interest. In a subsequent sentence of that footnote, the Court states, of course, if the State law indicates that the administrative proceedings are not even judicial in nature, abstention may not be proper. Can I ask you another question about what's next? Why wouldn't it be enough for you to bring a Federal claim after the conclusion of the administrative proceedings here? I'm sorry. Can you repeat the question? So as I understand your arguments, you first contest the State's assertion that you have a writ remedy for raising due process and other Federal violations. But our cases also seem to suggest that you may also have a separate lane where you could bring a Federal action, perhaps. So why not let the administrative proceedings play out, and if you have a Federal claim at the end of it, through a separate action then? Why can't you do that? Well, you can do that. However, you may be exposed to certain other issues, such as Rooker-Feldman. In the circumstance where the administrative proceeding is pending, as the Court in Ohio Civil Rights Commission noted, then what you're doing is only looking at the nature of that proceeding and nothing else. Once you go to writ of mandamus, then you are in a judicial proceeding. And any time between then is sort of an issue of what order are you attacking, and Rooker-Feldman may become an issue. So you don't deny that you could raise your Federal claims, your Federal rights, any Federal issues here in a proceeding only, but that it could come at the cost of either preclusion or a Rooker-Feldman issue if you tried to? That's correct. Okay. How are you, I guess if you can raise that for younger purposes, why isn't that the end of the analysis? You're not entitled to a Federal forum for Federal claims in all sorts of other places, including in Younger itself. You can't exit a State criminal proceeding and get a declaration there. So why isn't that remedy controlling? The fact that you can get a writ and raise your claims there is the end of the analysis. The Supreme Court has been clear that Younger abstention only applies in circumstances where the State proceeding is judicial in nature, and this Court has recently recognized that requirement. And if a person opts to go to State court, then Younger abstention applies. If the State administrative proceedings are not judicial in nature, then the courts have allowed the Federal courts to have jurisdiction. Counsel, can I ask you about the Seattle Pacific case real quick? You cited that at the beginning of your argument. In that case, as I understand the facts, there actually were no pending charges or actual proceedings. There was an investigation. And the Ninth Circuit in that case said Younger does not apply because, if I can quote the language here, effectively there was no active administrative proceeding. That's obviously different than this case. In fact, it says here, to begin with, there is no State court proceeding here, nor is there an administrative proceeding or other enforcement action, whereas in this case there was an enforcement action. So how does Seattle Pacific bind us if that case did not have a pending action where ours does? Under Miller v. Gammey, the courts are bound by not just the holding of the case but the mode of analysis. Those two in Seattle Pacific clearly show that when Seattle Pacific is responding to the Attorney General's argument that the proceedings below should be considered ongoing, the investigation should be considered as part of the ongoing proceedings, the court responds by saying the State administrative proceedings must be judicial in nature, and that the Attorney General's argument is rejected because the investigation is not a judicial proceeding. I'm not sure I read it that way, but I appreciate your argument. Did you want to reserve any time for rebuttal? I just want to make clear for a moment. The courts have laid out two tests in analyzing whether the cases are judicial in nature. One is a State test, which you look at the State law, whether the State law deems the proceeding to be judicial in nature. That is another way of saying whether the State constitution vests judicial power in the administrative agency. In the case of the standard California State agencies, the answer to that question is no. The second test is the federal test, which involves a slew of tests. One is the party presentation principle. In the case of the standard California administrative proceedings, like the one in this case, Baffert and San Jose, that test has failed because the investigator, prosecutor, and adjudicator are the same. Okay. Okay. You're over time, but what I'm going to do, I'm going to give you, let's give them two minutes for rebuttal. So you can come back up and get two minutes, okay? Thank you. You got it. Good morning. May it please the Court. I'm Jack Nick, Deputy Attorney General for the Respondent. The sole issue on this appeal is whether the underlying proceeding was quasi-criminal, quasi-judicial in nature for purposes of the younger abstention test. Based on this California Supreme Court, I mean, sorry, the United States Supreme Court and this Court's precedent, the answer is yes, and the trial court should be affirmed. As the Court is aware from Mr. Rochon's multiple other lawsuits, he was disciplined by the California State Bar for unethical conduct and overreaching with his client. After that finding, the Department of Real Estate in California instituted its own discipline proceeding on a reciprocal statute allowing for use of the prior findings to serve as the basis for discipline action against him under the Department of Real Estate standards. And during that proceeding, before it was concluded, Mr. Rochon filed this lawsuit. That proceeding, the administrative proceeding was pending in the Office of Administrative Hearings in front of an ALJ judge, which afforded the right to cross-examine witnesses, introduce documents, and was in all respects an adjudicatory hearing based on precedent in California and this Court. Mr. Nick, could Mr. Rochon raise Federal constitutional claims before the agency? He, at the point where this lawsuit was filed, it hadn't been heard yet. Ultimately, he raised, he mentioned to the administrative law judge that there are constitutional claims, but did not fully explore them at the hearing. But, yeah, so there's a question of whether it was preserved, but in general under California law, I guess it wasn't clear to me whether in the agency proceedings, setting the writ aside, constitutional claims can be raised in the agency proceedings. They can be raised. He would not have been precluded from raising those issues. And as indicated in the Kenneally case in front of this Court, administrative law judge has power to consider them and test them against the standards that are at issue in the matter. Even if it's a due process claim about the nature of the process he's provided? That's correct. Okay. Would that then, what's the State's view on whether a determination there would have preclusive effect? I think we would look to State law. So if he raised, this is following up on the concern of mine and the younger courts that he have a forum to hear his claims. Would a determination by the agency of constitutional issues arising from the administrative proceedings be preclusive under California law? If I understand the Court's question, it's basically if he, if the administrative law judge makes findings, would those be binding in later action? Right. If he actually litigated it and was able to reach a conclusion. It's my understanding that they would not.  Yeah. Is the, if, your primary argument as to the federal forum or the forum for federal claims is the availability of the administrative writ, same or different answer there if he petitioned to raise his claims through an administrative writ? Yes. If he pursues a administrative writ in California State Court, for example, and either does or doesn't raise those arguments, I think that he would be precluded. What do you make of the Jim Gatchian case you'd recently decided that raised in light of the Takings case, the Supreme Court, that recently came down from the Supreme Court that were kind of creating a preclusion trap for litigants. Were like, right, in that case, the Supreme Court seemed worried that litigants be denied a federal forum for claims against the State. And I think that's part of whether we reached it or not part of the Court's concern in Seattle Pacific. Is that trap applicable here? I don't think it's applicable here for a couple of reasons. One is that that was decided under the doctrine of preclusion, and we aren't there yet in this case. The matter had not even been heard in administrative appeal. And second, you know, Mr. Rusone has filed a subsequent lawsuit after the GRE proceeding was concluded. And I think if it's going to be relevant, it's probably more relevant in that case than here. And third, in Jim Gatchian, I observed that it appears the administrative law judge in that case didn't even allow argument on the constitutional issues. So, you know, and I appreciate the Court's question. I think we're a little ahead of ourselves here because there's all kinds of things that can happen between before a matter is heard at the administrative department and the conclusion of the hearing that may affect that analysis.  Thank you. The NOPC case that Mr. Rusone cited referred to the character of the proceeding rather than the character of the body as to whether it's quasi-judicial or criminal or quasi-criminal in nature. And here again, you know, we have all the hallmarks of a quasi-criminal matter in that the accusation charged pending in GRE was to discipline or sanction, rather, a Department of Real Estate professional following an adversarial hearing at which cross-examination, witnesses, and evidence are considered. The ALJ judge would issue findings, specific findings, that would cover all the evidence. So with that, if there's any questions. All right. Thank you very much.   As the court appears to recognize, the NIC opinion does provide the federal forum in this circumstance. The administrative proceedings, the state does not allow those proceedings to address constitutional issues, and no constitutional issues were raised. Anything further? Do you have any questions? Otherwise, no. All right. Thank you, counsel. Thank you. I thank you both for your briefing and arguing this case. It is submitted.
judges: OWENS, VANDYKE, JOHNSTONE